**BUTTORFF et al. v. SUN OIL CO. (BUT-TORFF et al., Third Party Defendants).**

No. 961.

District Court, Middle District Pennsylvania.

Oct. 5, 1942.

Miller Alanson Johnson, of Lewisburg, Pa., for plaintiffs.

Richard Henry Klein, of Sunbury, Pa., and Robert McK. Glass, of Lewisburg, Pa., for defendant and third party plaintiff.

Miller Alanson Johnson, of Lewisburg, Pa., for third party defendant, D. Maude Buttorff.

WATSON, District Judge.

The defendant in this case filed a third party complaint, which the plaintiffs have moved to dismiss as to D. Maude Buttorff.

The plaintiffs contend that the third party complaint should be dismissed; first, because the defendant did not give notice to the plaintiffs of its motion to bring in D. Maude Buttorff as a third-party defendant; second, because of an alleged covenant not to sue D. Maude Buttorff and executed by the plaintiffs; and, third, because the third-party complaint does not show a right to recover against D. Maude Buttorff.

The facts pertinent to the first contention are as follows: On August 1, 1942, the defendant filed with the Clerk of this Court a motion for leave to bring in D. Maude Buttorff as a third party defendant. The motion was submitted to a judge of this Court, the writer of this opinion, who

granted the motion on August 6, 1942. On August 3, 1942, the defendant served its answer upon the plaintiffs. Under Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following § 723c, before the service of his answer, a defendant may move ex parte to bring in a third party, and, after service of his answer, on notice to the plaintiff. The plaintiffs contend that the defendant's motion was not made until acted upon by the Court and that the motion was made, therefore, in violation of the provisions of Rule 14(a) because notice had not been given to the plaintiffs. When the defendant filed its motion it had complied with every requirement for bringing its motion before the Court for appropriate action and, at that time, there was no necessity for giving notice to the plaintiffs. I can see no valid reason for penalizing the defendant because the action of the Court was delayed through no fault of defendant's counsel. When the defendant placed its motion in the hands of the proper court officer for submission to the Judge, it moved to bring in a third party defendant insofar as the requirement of Rule 14(a) regarding notice is concerned.

The second contention of the plaintiffs is based upon the existence and validity of an alleged covenant not to sue. This covenant appears in the record of this case for the first time in the plaintiffs' motion. The defendant, in what purports to be an answer to the motion, denies the existence of the covenant and, as a further complication, the attorney for the plaintiffs states, in a supplement to his brief, that if the covenant not to sue be considered as an effective bar to the action by the minor plaintiff against the defendant, the minor plaintiff will repudiate the covenant. It can, therefore, be said without exaggeration that this contention of the plaintiffs is not supported by clear and undisputed facts. Therefore, the Federal Rules of Civil Procedure do not permit the consideration of this contention at this time.

As to plaintiffs' third contention, I believe that the third party complaint fully complies with the requirements of the Federal Rules of Civil Procedure and is, therefore, sufficient.

Now, October 5, 1942, it is ordered that the motion of the plaintiffs to dismiss the third party complaint against D. Maude Buttorff, be, and it is hereby, denied.